**COLEMAN v. UNITED STATES et al.**

No. 9908.

United States Court of Appeals
District of Columbia Circuit.

Argued April 11, 1949.

Decided June 6, 1949.

Mr. Warren E. Miller, Washington, D. C., with whom Mr. David S. Allshouse, Washington, D. C. was on the brief, for appellant.

Mr. James T. Clark, Washington, D. C., with whom Mr. Roger Ratcliff, Washington, D. C. was on the brief, for appellee Coleman.

Messrs. George Morris Fay, United States Attorney, and Thomas E. Walsh, Attorney, Department of Justice, Washington, D. C. entered appearances for appellee United States.

Before CLARK and PROCTOR, Circuit Judges and ARTHUR F. LEDERLE, District Judge, sitting by designation.

LEDERLE, District Judge.

This is an appeal from a judgment determining that defendant-appellee, Mabel Gertrude Coleman, the mother of Lieut. Charles Edward Coleman, deceased, is entitled to the proceeds of a $10,000.00 National Service Life Insurance Policy as against plaintiff-appellant, Betty Carole Coleman, his widow. Plaintiff sought herein to establish that said insured, prior to his death, had changed the designation of beneficiary on this insurance policy from the original named primary beneficiary, defendant-appellee, his mother, to the name of plaintiff-appellant, his wife. The United States Government is a disinterested stakeholder.

The case was tried in the District Court without a jury, after which the trial court filed a memorandum, later reduced to formal findings of fact and conclusions of law. In these, the trial court found as an ultimate fact that there had been no change of beneficiary from appellee-mother to appellant-wife. These findings were supported by the trial court's correct analysis of the evidence, which was as follows, viz: While unmarried and in service as an Air Corps Cadet, the insured applied for and received on November 13, 1942, a $10,000.00 National Service Life Insurance Policy, bearing No. N-6161643, in which he named as principal beneficiary, his mother, and as contingent beneficiary, his father. This policy was delivered to his mother at her home while insured was present. At that time his parents were separated and about to be divorced, and his mother was employed. Under Government regulations, the premiums on this policy were paid by the Government during the time that insured remained non-commissioned and thereafter premiums were chargeable to his personal account. On October 1, 1943, insured was commissioned as a second lieutenant, at which time he listed his mother as principal dependent and emergency addressee. Four days later, on October 5, 1943, insured and the appellant were married. The insured left for overseas duty about January 30, 1944, and was killed in action on March 23, 1944. The insured had never discussed with his wife the subject of this insurance. He had discussed the matter with his mother a number of times and with a family friend, and, in these discussions, had stated that the insurance would be paid to his mother in event of casualty because she was in need of financial assistance for the support of herself and a younger son and that his wife would

receive his gratuity pay and a pension. There was no proof that any change of insurance beneficiary form had ever been signed by insured or that he had ever asked for such a form. Plaintiff-appellee relied principally upon an AGO No. 41 form, executed by insured on December 20, 1943, in which he named his wife, Mrs. Betty H. Coleman, as the person eligible to be his gratuity beneficiary, with his mother and younger brother as secondary contingent beneficiaries, and Government Insurance Report Form, dated January 29, 1944, addressed to Mrs. Betty Carole Coleman, signed by deceased, in which the following statement appeared: "On date of Oct. 1, 1943, I took out $10,000 in (National Service Life Insurance) (United States Government Insurance) naming you as my beneficiary. To cover the cost of this insurance, I have authorized a monthly deduction from my pay of $6.50."

Army officers testified that the AGO No. 41 form was the same form as had been signed by each of the millions of military men who served in the last war, and that its purpose was to designate the legal beneficiary to receive his accrued pay and six months' "gratuity pay" in event of his death. Under such designation in this case, appellant-wife received at insured's death his pay arrearage amounting to $782.30 and his six months' gratuity amounting to $1485.00. She also receives a $60.00 a month widow's pension. Army Officers also testified that in some instances AGO No. 41 forms had erroneously been sent to the Veterans Administration rather than to their intended recipient, the War Department. When this was done the Veterans Administration recognized the error, and, if there was anything about the form which indicated that the serviceman had intended thereby to change his insurance beneficiary, the original AGO No. 41 form was retained by the Veterans Administration as a change of insurance beneficiary form and a photostatic copy was sent to the War Department. If there was nothing about such a mis-directed AGO No. 41 form to indicate that it had any reference to insurance, the original document was sent to the War Department by the Veterans Administration and the Veterans Administration kept a copy. The AGO No. 41 document in question had not been sent to the Veterans Administration, where a change of insurance beneficiary document would be sent, but, rather, had been sent to the proper destination for AGO No. 41 forms, namely, the War Department.

Citing cases such as Bradley v. United States, 10 Cir., 143 F.2d 573, certiorari denied 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632; Roberts v. United States, 4 Cir., 157 F.2d 906, certiorari denied 330 U.S. 829, 67 S.Ct. 870, 91 L.Ed. 1278; and Collins v. United States, 10 Cir., 161 F.2d 64, certiorari denied 331 U.S. 859, 67 S.Ct. 1756, 91 L.Ed. 1866, the trial court announced a correct analysis of the principles of law applicable to a situation such as here present, namely:

(a) The burden of proof is upon one who asserts a change of beneficiary to sustain such change by a preponderance of the evidence.

(b) In order to establish the fact that there has been a change of beneficiary, there must be evidence of an intention of the insured to change the beneficiary followed by some affirmative act of the insured having for its purpose the carrying into effect of such intention.

(c) In Government insurance cases involving change of beneficiary, courts will brush aside legal technicalities in an effort to effectuate a manifest intent of the insured.

(d) In order to effect a change of beneficiary, it is not necessary that the so-called "executed" change of beneficiary document be delivered to the insurer before the death of the insured if the machinery has been set in motion by which it would appear to be the intent of the insured that it should be so delivered.

(e) Each case must be decided upon its own individual facts and circumstances.

Weighing the testimony in this case in the light of these principles, the trial court found that there had been no change of beneficiary.

472

■ The primary duty for finding the facts in a case rests with the trial court, and his determination in this regard is not to be lightly set aside, especially where, as here, he has made a detailed analysis of the evidence of both parties and has correctly applied the applicable law in making his determination. As stated in Knapp v. United States, 7 Cir., 110 F.2d 420, at page 422, "The question of law we are asked to decide is whether the finding of the trial court was based upon substantial evidence. We are not the triers of fact, but merely reviewers of the action of the triers and limited in our investigation to an ascertainment of the existence of substantial evidence sufficient to support the finding, Goble v. United States, 7 Cir., 94 F.2d 275, and in the consideration of this question we must assume as established all the facts that the evidence reasonably tends to prove, Lumbra v. United States, 290 U.S. 551, 553, 54 S.Ct. 272, 78 L.Ed. 492; United States v. Tyrakowski, 7 Cir., 50 F.2d 766, 771, and the finding should not be set aside unless clearly erroneous, Rules of Civil Procedure, Rule 52, 28 U.S.C.A. following § 723c."

■ We cannot here say that the trial court's finding that there was no change of beneficiary is clearly erroneous. It was, in fact, based upon substantial evidence. Accordingly, the judgment of the trial court is

Affirmed.