SULLIVAN v. DERIFIELD et al.

No. 10369.

United States Court of Appeals District of Columbia Circuit.

Argued March 27, 1950.

Decided April 10, 1950.

Mr. Robert C. Handwerk, Washington, D. C., with whom Mr. Jordon R. Bentley, Washington, D. C., was on the brief, for appellant.

Mr. James R. Sharp, Washington, D. C., with whom Mr. Daniel L. O'Connor, Washington, D. C., was on the brief, for appellee Derifield.

Mr. George Morris Fay, United States Attorney, and Mr. Joseph M. Howard, Assistant United States Attorney, Washington, D. C., entered appearances for appellee United States of America.

Before EDGERTON, CLARK and KIMBROUGH STONE,[1] Circuit Judges.

f. Sitting by designation.

CLARK, Circuit Judge.

This appeal presents the problem of whether or not the appellee's deceased husband, a serviceman who was killed in action, had sufficiently evidenced his intent to change the beneficiary of his National Service Life Insurance Policy and had followed up his expression of intent by doing some affirmative act in furtherance of accomplishing the desired end. Needless to say, nowhere among the Government's official records could there be located a form prescribed by the Veterans Administration for the purpose of properly changing the beneficiary of the policy.

The law which governs in this type of case has been summed up in Coleman v. United States, 1949, 85 U.S.App.D.C. 145, 176 F.2d 469. And as was said there, 176 F.2d at page 471, "Each case must be decided upon its own individual facts and circumstances."

The facts in the instant case, subject to certain objections of appellant which we hold were of no merit, established a *prima facie* case and were submitted to a jury under proper instructions by the court. The jury found from the evidence that the deceased had intended to make the appellee the beneficiary of his National Service Life Insurance, and that the execution of a War Department W. D., A. G. O. Form 41 was the affirmative act done by him in furtherance thereof.

The verdict is supported by the evidence. Affirmed.