**Priscilla SMALLEY, Plaintiff,**

v.

**UNITED STATES of America and Helen Pope, Defendant.**

**Civ. A. No. 2663.**

United States District Court, W. D. Kentucky, at Louisville.

Sept. 22, 1954.

Richard L. Latimer, Frankfort, Ky., for plaintiff.

J. Leonard Walker, U. S. Atty., Louisville, Ky., for the United States.

Guy Elliott, Kinston, N. C. for defendant Helen Pope.

SHELBOURNE, Chief Judge.

This case was filed September 4, 1953 and was heard by the Court January 18, 1954. At the trial Counsel stipulated in writing that the facts and evidence as set forth in the decision and order of the Board of Veterans Appeals should com-

prise the essential and material facts in the action.

It was stipulated that there was no disagreement among the parties as to the facts set forth in the decision and order of the Board. A copy of that decision and order was appended to the written stipulation.

From that stipulation the Court makes the following

### Findings of Fact

1. Ray Pope, while a member of the United States Marine Corps, on January 25, 1949, was granted policy No. V–795103 in the sum of $10,000, in which the serviceman's sister, plaintiff Priscilla Smalley, was designated sole beneficiary.

January 25, 1949, Ray Pope was single and unmarried.

2. October 25, 1949, the serviceman and Helen Pope (prior to her marriage Helen Peoples) were married.

3. February 23, 1950, Ray Pope, on the proper forms designated Helen Pope as the person to receive notice in the case of an emergency and the person to receive six months death gratuity pay.

4. Ray Pope was killed in action December 6, 1950, and at that time the insurance was in full force and no government agency is shown to have received any request for or notice to change the beneficiary from Priscilla Smalley.

5. Following Pope's death Priscilla Smalley and Helen Pope presented their respective claims for the proceeds of the policy, Helen Pope contending that the serviceman had changed the insurance to her.

It is stipulated that a careful and thorough search of the Veterans Administration and Marine Corps files failed to disclose a change of beneficiary form signed by the veteran at any time subsequent to his original application for the insurance.

6. At the first administrative hearing, the proceeds of the policy were adjudged in favor of Priscilla Smalley.

Helen Pope prosecuted an appeal to the Board of Veterans Appeals which reversed the former decision and awarded the proceeds of the policy to Helen Pope.

The action of the Board of Veterans Appeals constituted final administrative action on the claim of Priscilla Smalley and pursuant to the National Service Life Insurance Statute, Title 38 U.S.C.A. § 801 et seq., particularly Section 817, she instituted this action.

7. The claim of Helen Pope to the proceeds of the policy is supported by three letters admittedly written to her by Ray Pope. The first letter was written September 8, 1950, and in the letter, the serviceman stated—

"We had to sign some papers today which stated if I got killed you would draw six months pay although you know you would get the insurance money also."

The second letter was postmarked September 21, 1950, and with respect to the insurance Pope said—

"If I get through this time everything will be O.K. and if I don't, I signed a few papers where if anything happens to me you will get six months pay just like I was still around plus the insurance. money."

The third letter, postmarked October 27, 1950, with respect to the insurance said—

"I have got $10,000. worth of insurance made out to you so you can take care of Beverly."

The letters referred to contain expressions of love and affection both for the serviceman's wife and her child by a former marriage, Beverly Peoples.

8. The following excerpt from the opinion of the Board of Veterans Appeals opinion indicates to the Court the foundation of the Board's decision—

"There have been noted the circumstances under which the serviceman executed the papers referred to in his letters and with consideration given thereto, there is the possibility that the serviceman did in fact execute one of the usual change of

beneficiary designation forms for the purpose of naming Helen Pope as beneficiary of his insurance and that the form was mislaid."

There is no evidence of delay in receiving letters from the serviceman nor was there any evidence that any of the records of the company in the Marine Corps of which he was a member were lost or mislaid and no evidence from any of the members of his company or comrades with whom he served or officers under whom he served of any actual attempt on his part to change the beneficiary or request forms for changing the beneficiary designation as it was in the original policy.

Upon the foregoing facts, the Court makes the following—

### Conclusions of Law

I. As always in cases of this kind the tendency on the part of the Court is to give effect to the expressed desire of the serviceman, but the Court is of opinion that the facts in this case and the applicable law do not permit the Court to change the written terms of the policy, unless that expressed desire is coupled with affirmative action on the part of the soldier to do everything reasonably possible under the circumstances to effect the change of beneficiary.

█ Under the decisions construing the National Service Life Insurance statutes, the weight of authority is to the effect that the burden of proof always rests upon one who claims to be a substituted beneficiary to show that a valid change of beneficiary has taken place. While literal compliance with requirements as to a change of beneficiary is not necessary to make the change effective, it yet must be borne in mind that mere intent to change a beneficiary is not enough. It is required that such intent be followed by affirmative action on the part of the serviceman evidencing an exercise of the right.

█ The right to change a beneficiary by the insured without knowledge or consent of the existing beneficiary is absolute, as much so as the right to designate an original beneficiary.

II. In the Annotation to the case of Mitchell v. United States, 5 Cir., 165 F.2d 758, as it appears in 2 A.L.R.2d on page 500, it is regarded by the Annotater that testimony of or letters written to the substituted beneficiary constitute the weakest testimony in support of a claimed change. That Annotater says—

"The weakness of such evidence lies in the fact that the insured may, for some reason or other, see fit to indicate either in conversations with, or in letters to, the person vitally interested in the change, that he attempted to effect such change although actually he never contemplated such a change."

III. In the case of Coleman v. United States, 85 U.S.App.D.C. 145, 176 F.2d 469, 471, the serviceman was unmarried at the time he applied for and received the policy of National Service Life Insurance. He designated his mother as principal beneficiary and his father as contingent beneficiary. Subsequently, he married and his widow claimed the proceeds of the policy. A form known as AGO No. 41 was executed in which he named his wife Betty H. Coleman as the person eligible to be his gratuity beneficiary, with his mother and younger brother as secondary contingent beneficiaries and Government Insurance Report Form addressed to his wife, signed by him, in which the following statement appeared. " 'On date of Oct. 1, 1943, I took out $10,000 in (National Service Life Insurance) (United States Government Insurance) naming you as my beneficiary. To cover the cost of this insurance, I have authorized a monthly deduction from my pay of $6.-50.' "

Upon these facts, that Court determined that there had been no change of beneficiary.

In the case of Butler v. Butler, 5 Cir., 177 F.2d 471, 472, the soldier also was unmarried at the time of his induction into service and designated his mother

as beneficiary of his insurance. Approximately a year after procuring the first policy, the soldier married and had a dependency allotment entered in favor of his wife and designated her as recipient of six months gratuity pay in case of his death and wrote her several letters in which he told her he had had his insurance made payable to her. In that case, as in the case at bar, no request for a change of beneficiary was ever received by the Veterans Administration. The Court said, with respect to the letters written to his wife—

"The letters written to the soldier's wife, which are relied on to evidence the change, were not written under battle conditions. The insured had at least eight months in this country to make the change from the time he was first questioned by his wife about his insurance until he was sent overseas. It is evident that the insured knew who was named as beneficiary in his policies and failed to make any change therein, although he had numerous opportunities to do so, because in preparation for shipment overseas, a soldier's insurance was checked many times by Army administrative personnel."

The Court then concluded—

"A mere intent to change the beneficiaries is not enough. A mere statement, oral or written, that such a change has been made is not sufficient unless followed by appropriate affirmative action."

A judgment of the lower court, awarding the insurance to the wife was reversed.

See also the cases of Kluge v. United States, 4 Cir., 206 F.2d 344, the dissenting opinion of Judge Sibley in Gann v. Meek, 5 Cir., 165 F.2d 857 and Kell v. United States, 5 Cir., 202 F.2d 143.

The Court is of opinion that the decision of the Veterans Appeal Board, bottomed on the possibility that a change of beneficiary on the appropriate form may have been executed and may have been lost is speculative and judgment was awarded in favor of the wife in the face of the plain provisions of the statute and the cases construing the statute, to the effect that the affirmative action to carry into effect the express intention to change the beneficiary by the soldier, must be some affirmative action and not a surmise that such may have taken place.

A judgment in accord with these conclusions will be presented by Counsel for plaintiff upon notice to Counsel for the defendants.