**Burnell D. HAWKINS, Plaintiff,**

v.

**UNITED STATES of America, and Lili Davis, Defendants.**

**No. 63–C–932.**

United States District Court
E. D. New York.

Aug. 5, 1965.

Viron K. Jones, Brooklyn, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, by Bernard Rothman, Asst. U. S. Atty., for the United States of America and Lili Dairs.

Ruben H. Mack, New York City, for defendant Lili Davis.

BRUCHHAUSEN, District Judge.

The defendant, Lili Davis, moves for summary judgment pursuant to Rule 56 (b) of the Federal Rules of Civil Procedure.

This action was commenced pursuant to 38 U.S.C.A. 784 to recover the sum of Ten Thousand ($10,000.00) Dollars under a policy of National Service Life Insurance issued to a serviceman on December 1, 1941. On December 14, 1949 the insured designated the plaintiff, his first wife, as principal beneficiary. On March 30, 1955 this marriage ended in divorce. On August 10, 1955, the insured married the defendant Lili Davis. On July 31, 1956 the insured executed another Department of Defense form naming Lili Davis as principal beneficiary. The insured died on April 14, 1961. The Veterans Benefits Office, after a full hearing, rendered its decision holding that the defendant Lili Davis was entitled to the proceeds. The Board of Veterans Appeals affirmed and after reviewing all of the evidence concluded:

1. That the insured's intent to name Lili Davis as principal beneficiary for

the full amount of his National Service Life Insurance policy is shown, and the beneficiary designation made by the insured on the Department of Defense form dated July 31, 1956, was adequate affirmative action to effectuate that intent. 38 U.S.C. 717; 38 C.F.R. 8.47.

2. That the veteran's second wife, Lili Davis, was the beneficiary of record of the full amount of $10,000 National Service Life Insurance at the time of the death of the insured. 38 U.S.C. 717; 38 C.F.R. 8.47.

3. That the appellant, Burnell D. Hawkins, was not the designated beneficiary of the policy at time of the death of the insured. 38 U.S.C. 717; 38 C.F.R. 8.47.

■ It is well settled in the field of National Service Life Insurance that in judging of the efficacy of an attempted change of beneficiary "the courts brush aside all legal technicalities in order to effectuate the manifest intention of the insured." Roberts v. United States, 4 Cir., 157 F.2d 906, 909, certiorari denied, 330 U.S. 829, 67 S.Ct. 870, 91 L.Ed. 1278. A change of beneficiary may be shown by proof of intent coupled with "positive action on the part of the insured evidenc-ing an exercise of the right to change the beneficiary." Collins v. United States, 10 Cir., 161 F.2d 64, 67, certiorari denied 331 U.S. 859, 67 S.Ct. 1756, 91 L.Ed. 1866. See also Shapiro v. United States, 2 Cir., 166 F.2d 240, certiorari denied 334 U.S. 859, 68 S.Ct. 1533, 92 L.Ed. 1779. In Senato v. United States, 2 Cir., 173 F.2d 493, 495, the court held that the action taken to carry out his intent was enough "so long as he might reasonably be supposed to have thought it enough."

■ It is true that the insured did not comply with all the technical details concerning the change of beneficiary, however the facts ascertained by the administrative agency clearly indicate that the insured intended this defendant to be the prime beneficiary under his life policy. The evidence adduced at the hearing was sufficiently substantial for the agency to arrive at its conclusion, and, therefore, this court will not disturb the administrative agency's final determination.

The defendant, Lili Davis, is entitled to judgment dismissing the complaint and is awarded the sum of $10,000 without interest thereon from the co-defendant, United States of America.

Settle decree on three (3) days' notice.