Nellie Mae STRIBLING, Plaintiff,

v.

UNITED STATES of America and the Prudential Insurance Company of America, Defendants,

Georgia Mae Stribling, Cross-Defendant.

Civ. No. PB 67 C-63.

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Dec. 5, 1968.

**1294**

Nellie Mae Stribling, Edward I. Staten, Pine Bluff, Ark., for plaintiff.

Robert F. Fussell, Asst. U. S. Atty., Little Rock, Ark., for the United States.

Phillip Carroll, Little Rock, Ark., for The Prudential Ins. Co. of America.

Stephen A. Matthews, Pine Bluff, Ark., for Georgia Mae Stribling.

## MEMORANDUM OPINION

OREN HARRIS, District Judge.

The plaintiff, Nellie Mae Stribling, by this action seeks to recover on a policy of insurance in the sum of $10,000.00 issued by The Prudential Insurance Company of America to Jesse B. Stribling, deceased, under the Servicemen's Group Life Insurance Act, 38 U.S.C.A. § 765 et seq.

Jesse B. Stribling entered the United States Army on December 17, 1965. He executed DA Form 3054, Elections of Amount, Beneficiary Designation and Settlement Options for Servicemen's Group Life Insurance, at which time he elected to remain insured for the sum of $10,000.00 designating that payments be made to the beneficiary in the order of precedence set forth in the law, which is specifically stated under Beneficiary designation that "the law provides that if I do not designate a beneficiary, payment will devolve, in the following order: To my wife, children in equal shares, and parents in equal shares:" The serviceman further designated that his Servicemen's Group Life Insurance be paid in thirty-six monthly installments. He was

married to Georgia Mae Stribling, cross-defendant, and they had one child. The plaintiff, Nellie Mae Stribling, was the mother of the deceased serviceman and contends that he changed the designation of beneficiary to his Servicemen's Group Life Insurance policy designating her as beneficiary prior to his leaving for Vietnam in June, 1966.

■ This action was originally instituted against the United States of America. Subsequently by amendment the plaintiff included as a defendant The Prudential Insurance Company of America. The case was tried to the Court without a jury. Jurisdiction is established under 38 U.S.C.A. § 775.

The issuance of the policy by the defendant, The Prudential Insurance Company of America, under Servicemen's Group Life Insurance Act, 38 U.S.C.A. § 765 et seq., is admitted. It is also admitted that the serviceman Jesse B. Stribling was killed in action while on duty with the army in Vietnam on July 16, 1966, and the policy in question was in full force and effect. It is further admitted that the cross-defendant, Georgia Mae Stribling, a wife of the deceased serviceman, filed a claim with The Prudential Insurance Company of America and pursuant thereto The Prudential Insurance Company of America paid to her the sum of $885.00 on August 29, 1966, for the sums due on the insurance policy for the months of July, August and September. On September 7, 1966, the plaintiff, Nellie Mae Stribling, gave notice to the Office of Servicemen's Group Life Insurance that she was the designated beneficiary to the insurance of the deceased and made claim that the sums of money due on the insurance policy be paid to her. The Office of Servicemen's Group Life Insurance denied her claim.[1]

1. 38 U.S.C.A. § 766, [Eligible insurance companies] provides in paragraph (b) "The life insurance company or companies issuing such policy or policies shall establish an administrative office at a place and under a name designated by the Administrator." This is referred to as the Office of Servicemen's Group Life Insurance established by the life insurance company for the administration of the Servicemen's Group Life Insurance Program.

Pursuant to the authority of the Administrator an administrative office was established by regulation as follows: 38 C.F.R. 9.1(f) "Office" means the Office

It is the contention of the plaintiff that her son Private Jesse B. Stribling changed the beneficiary of his Servicemen's Group Life Insurance policy to her on or before April 5, 1966. She produced an instrument DA Form 3054 Elections of Amount, Beneficiary Designation and Settlement Options for Servicemen's Group Life Insurance, which is admittedly a carbon copy in which the deceased desired to continue to be insured for $10,000.00 and specifically designating Mrs. Nellie Mae Stribling, 4118 West 11, Pine Bluff, Arkansas, mother, as beneficiary to be paid in thirty-six monthly installments. It is purportedly signed by Jesse B. Stribling. There is no date. The plaintiff's testimony was that this Form was executed by the deceased serviceman and the carbon copy sent to his mother and received by her on April 5, 1966. Letters produced at the trial were received by the plaintiff from the deceased serviceman referring to the change in beneficiary of the policy. There appears to be no question as to the signature of Jesse B. Stribling on the regular form supplied by the army for such purposes. There is no contention by the defendants that this is not in the handwriting of the deceased serviceman. Neither is it denied that the various letters received by the plaintiff from the deceased was in his handwriting and in which he mentioned to his mother of the change in beneficiary of his insurance policy. There was testimony on behalf of the plaintiff that the serviceman confirmed his intention of changing the beneficiary on his visit home just prior to his leaving for Vietnam in June, 1966.

In the letters referred to which the mother received from her son there was mention of his wife, Georgia Mae, and their child.

It is contended by the cross-defendant, Georgia Mae Stribling, that no change in beneficiary was effectuated and she testified that he had advised her she would have the benefit of his insurance during the time he was at home on visit en route to Vietnam. This was the only testimony to offset the exhibits of the plaintiff and other expressions of intent to change the beneficiary of his policy.

It was stipulated by the parties that a due and proper search of the military records of Private Jesse B. Stribling by the Office of the Adjutant General of the Department of the Army which revealed the following:

(1) On December 17, 1965, Private Jesse B. Stribling executed and submitted to the United States Army DA Form 3054 which was received by the United States Army. Private Stribling's DA Form 3054 designated that his life insurance proceeds be paid pursuant to the order of precedence set forth in the law;

(2) Private Stribling died on July 16, 1966, in the line of duty in Vietnam. The military service file of Private Stribling at the time of his death contained DA Form 3054 as prescribed in Paragraph 1 of this stipulation. There was no form DA 3054 designating Mrs. Nellie Mae Stribling as the beneficiary contained in Private Stribling's military service file at the time of his death;

(3) That Private Jesse B. Stribling, who died on active duty in Vietnam July 16, 1966, was stationed at Fort Gordon, Georgia, the effective date of February 26, 1966, and was assigned to Fort Benning, Georgia, the effective reporting date as of May 12, 1966; and on June 9, 1966, was assigned to Headquarters Company, 1st Battalion, 27th Infantry, Vietnam. It was possible for Private Jesse B. Stribling to execute a change in DA Form 3054 to reflect a change of beneficiary or any other change by complying with the provisions

of Servicemen's Group Life Insurance located at 212 Washington Street, Newark, N. J., 07102 which is the adminis-

trative office established pursuant to 38 U.S.C. § 766(b) by the insurer.

contained in 38 U.S.C. 765–776 while serving in the Armed Forces of the United States.

The plaintiff seeks to recover from The Prudential Insurance Company of America all sums due on the policy from and after the date of September 7, 1966, at which time the plaintiff gave notice of claim as beneficiary of the deceased Servicemen's Group Life Insurance.

The Prudential Insurance Company of America has paid to Georgia Mae Stribling the total sum of $5,310.00 representing eighteen monthly payments of $295.-00 each. All additional sums accrued to date have been tendered into the registry of the court. In its cross-claim Prudential seeks judgment against Georgia Mae Stribling for such sums paid to her in the event it is determined that the plaintiff is entitled to the proceeds of the insurance policy.

At the conclusion of the plaintiff's testimony, the defendant, United States of America, made a motion for judgment on the grounds that there was no evidence that the deceased serviceman had filed a Form DA 3054 (Elections of Amount, Beneficiary Designation and Settlement Options for Servicemen's Group Life Insurance) designating Nellie Mae Stribling as the beneficiary which had been received or handled by any member of the Armed Forces prior to the death of Jesse B. Stribling and that there was no proof offered that the United States of America was negligent in any manner as alleged by the plaintiff. From the testimony and record, the Court granted the motion and dismissed the proceeding as to the defendant, United States of America.

■ The principle issue for a decision is whether the insured changed the beneficiary of his policy. If so, the plaintiff is entitled to recover. It is a well-settled rule that the burden to establish a valid change of beneficiary is upon the party asserting and relying upon such change. Benard v. United States, 368 F.2d 897, 902. In this case the burden of establishing a valid change of beneficiary is upon the plaintiff.

Congress has traditionally provided for servicemen and veterans of wars in which our country has been engaged. Various insurance programs have been provided by the Government for the benefit of those who served in the military establishments among which were National Service Life Insurance and United States Government Life Insurance. Prior thereto, and including servicemen of World War I, the Government provided what was referred to as War Risk Insurance. These were insurance programs provided for at Government cost and in which no private insurance companies participated.

Congress has consistently extended to the serviceman the authority to designate beneficiaries of insurance policies and to change beneficiaries designated without the consent of the beneficiary. Over the years there has been developed a body of law as to the requirements, intentions and action of the serviceman in designating or changing the beneficiary or beneficiaries of life insurance as provided by the United States Government.

38 U.S.C.A. § 749 Change of beneficiary, provides:

"Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries of a United States Government life insurance policy without the consent of such beneficiary or beneficiaries."

Pursuant to the above section the following regulation was issued by the Administrator:

"The insured shall have the right at any time, and from time to time, and without the knowledge or consent of the beneficiary to cancel the beneficiary designation, or to change the beneficiary, but a change of beneficiary to a person not within the permitted class of beneficiaries set forth in § 8.46 shall not be effective as to insurance which matured prior to August 1, 1946. A change of beneficiary to be effective must be made by notice in

writing signed by the insured and *forwarded* to the Veterans' Administration by the insured or his agent, and must contain sufficient information to identify the insured. Whenever practicable such notices shall be given on blanks prescribed by the Veterans' Administration. Upon receipt by the Veterans' Administration, a valid designation or change of beneficiary shall be deemed to be effective as of the date of execution: *Provided*, That any payment made before proper notice of designation or change of beneficiary has been received in the Veterans' Administration shall be deemed to have been properly made and to satisfy fully the obligations of the United States under such insurance policy to the extent of such payments." 38 CFR 8.47–1. (Emphasis supplied.)

█ The courts have given liberal construction to the above section based primarily on the fact that it is administered pursuant to an administrative regulation. It has been consistently held that on the question of a change in beneficiary of the government insurance such as National Servicemen's Life Insurance that the intention of the serviceman, together with an overt act evidencing the intention, is sufficient to satisfy the requirements of the regulation. It should be emphasized that the regulation provides that a change of beneficiary to be effective must be made by notice in "writing signed by the insured and *forwarded*" to the Veterans' Administration by the insured or his agent, etc. It has been held that such a notice brought to the attention of the Veterans' Administration after the death of the insured is sufficient if shown that the insured intended to change the beneficiary and through some overt act confirmed such intention.

The cases are legion on this question. It is therefore sufficient to refer to a recent case, Benard v. United States, 368 F.2d 897, at page 899, 900, 8 Cir., 1966. After quoting the section and regulation applicable to this question the Court stated:

"All courts have shown a disposition to be as liberal in carrying out the insured's intent as the statutes and regulations will permit. Some cases, as pointed out in the annotations, supra, appear to accept almost anything as a required affirmative act if satisfied as to the intent, and in practical effect come at least close to dispensing with any need of proof of an overt act directed at effecting the change. Most courts, however, feel that the provisions of the statute and regulations cannot be completely brushed aside and that some affirmative action directed toward implementing the intent is required.

\* \* \* \* \* \*

"Cohn v. Cohn, 84 U.S.App.D.C. 218, 171 F.2d 828, 829, points out, 'the requirement that there be a writing is the minimum necessary to protect the public, the families and loved ones of servicemen and the interests of the deceased insured veterans themselves against unmitigated fraud. Not only is the requirement reasonable, but it is necessary.'

"In Bradley v. United States, 10 Cir., 143 F.2d 573, 576, insured's mother was the named beneficiary. In a confidential report filed by the insured at a group headquarters, it is stated that the wife is beneficiary of the Government insurance. The court held that such document was not designed as a notice contemplated by the statute or regulations relating to change of beneficiary and that it did not contain any expression of a desire or intention to change the beneficiary but at most indicated a belief or understanding that the wife was the beneficiary. The court conceded that the evidence established an intent to change the beneficiary, and then goes on to say:

" 'But the principle which actuates the courts in giving effect to the ascertained intentions of the insured has application only where the par-

ty has attempted to act for himself. The expressed intention of the insured to change the beneficiary, standing alone and unaccompanied by some affirmative act, having for its purpose the effectuation of his intention, is insufficient to effect a change of beneficiary and the courts cannot act when he has not first attempted to act for himself.'

"Cases holding that sufficient affirmative action had not been taken by the insured to effectuate a change of beneficiary include Willis v. United States, 7 Cir., 291 F.2d 5; Kluge v. United States, 4 Cir., 206 F.2d 344; Littlefield v. Littlefield, 10 Cir., 194 F.2d 695; Butler v. Butler, 5 Cir., 177 F.2d 471; Coleman v. United States, 85 U.S.App.D.C. 145, 176 F.2d 469.

"This court has considered the problem of what is necessary to bring about a change of beneficiary in a N.S.L.I. policy on a number of occasions. In Johnson v. White, 8 Cir., 39 F.2d 793, a change of beneficiary from parents to wife was upheld. We point out in the opinion that the service was in wartime, that the soldier was illiterate, subnormal intellectually, and that he spent considerable time in the guard house, and that he had contacted his superiors requesting the change in beneficiary and was assured it would be taken care of. We stated:

" 'Mere intention so to do is not sufficient, but here this intention was followed by acts through which he attempted to accomplish this change. Not only did the insured express his purpose and intention to make this change, but he did everything he might reasonably have been expected to do, under the circumstances, to effectuate such change.' 39 F.2d 793, 796."

If the principal question involved in this case were to be determined under this well-established rule, the testimony is quite clear that the deceased serviceman, Jesse B. Stribling, expressed his intention of changing the beneficiary of his Servicemen's Group Life Insurance policy to his mother and did sign the regular form provided for by the military for such purposes, supplying his mother with a verbatim copy. Oral testimony substantiated this action and the weight of the testimony is that such intention with an overt act is established.

However, the policy of insurance involved here is not the type of government insurance such as the National Servicemen's Life Insurance. The Congress provided a different type of insurance for military personnel in 1965 referred to as Servicemen's Group Life Insurance. 38 U.S.C.A. § 765 et seq.

The Administrator (Veterans' Administration) was authorized to purchase from private life insurance companies a policy or policies of group life insurance for the benefit of the serviceman. The serviceman contributes to the payment for the insurance which is held from the basic or other pay of the member insured. The Government contributes to the payment of the premium. It is voluntary on the part of the serviceman, though every member is insured unless the member elects not to be insured. It is patterned after the group life insurance for federal employees established in 1954. The section of the Servicemen's Group Life Insurance on the question of beneficiaries, e. g., payment of insurance, § 770 is virtually identical to the comparable § 8705 of the Federal Employees Group Life Insurance program.[2]

2. 38 U.S.C.A. § 770. [Beneficiaries; payment of insurance] Servicemen's Group Life Insurance provides:

"(a) Any amount of insurance under this subchapter in force on any member or former member on the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence:

"First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received in the uniformed services prior to such death;"

\*      \*      \*      \*      \*

On the primary question involved here the 9th Circuit construed the right of the insured to change the beneficiary with Federal Employees Group Insurance as to the intent followed with an overt act as has been previously held by the courts in Sears v. Austin, 292 F.2d 690 (1961).

In that case the district court found that the decedent intended that the appellee have the proceeds of the policy and made the following statement: "Unquestionably, decedent failed to follow the prescribed procedure in executing the designation of plaintiff, but it is equally free of doubt that the [holographic] will manifested an unequivocal intention that the proceeds of the policy should accrue to her. Considering the particular circumstances of this case, and in view of the fact that decedent was a sick and ailing man, the execution of the will can be deemed a reasonable effort on his behalf to execute the designation of plaintiff as beneficiary." [180 F.Supp. 485, 489.]

The 9th Circuit went on to state that courts of appeal have many times passed on situations similar to that presented by the case at bar where National Life Insurance policies were involved. Attempts to change a beneficiary have repeatedly been held effective even though the technical requirements set forth in the policies, and the statutes setting up the insurance plan, have not been complied with. In affirming the district court the 9th Circuit followed the rule laid down in the various insurance programs provided by the Government.

The Congress took note of the construction placed on this provision under the Federal Employees Group Life Insurance Act of 1954 and subsequently amended the Act to make it exceedingly clear that such construction was not what the Congress intended. In 1966 (89th Congress), the Congress amended § 8705 by adding to the first paragraph the following: "For this purpose, a designation, change, or cancellation of beneficiary, in a will or other document not so executed and filed has no force or effect."

In adopting the amendment the legislative history notes that in Senate Report No. 1064 as follows:

"In 1961, a California case, Austin v. Sears (292 F.2d 960) held that where no beneficiary had been named in the insurance contract, the designation of a beneficiary in a valid will would prevail over the beneficiary enumerated in section 4 of the act in order to comply with the wishes of the insured employee. In that case, the funds payable had been deposited by the Metropolitan Life Insurance Co. into the court, and the issue was between the competing beneficiaries of the act and the will.

"Other cases have held to the contrary. Breckline v. Metropolitan [406 Pa. 573] (178 A.2d 748) [2 A.L.R. 3d 135]. The equities in Sears may have prompted the court of appeals to disregard the civil service regulation and the general intent of the statute in order to comply with the insured's wishes, but the precedent established in that case could, *if generally followed*, result in administrative

5 U.S.C.A. § 8705. [Death claims; order of precedence; escheat] Federal Employees Group Life Insurance provides:

"(a) The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:

"First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, if insured because of receipt of annuity or of benefits under subchapter I of chapter 81 of this title as provided by section 8706(b) or (c) of this title, in the Civil Service Commission. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect."

\*    \*    \*    \*    \*

difficulties for the Civil Service Commission and *the insurance companies* and, more important, seriously delay paying insurance benefits to survivors of Federal employees.

"To clarify Congress' intent, H.R. 432 rewrites section 4 to state clearly that the order of precedence set out in that section shall prevail over any extraneous document designating a beneficiary *unless the designation has been properly received in the employing office* or by the Civil Service Commission.

"To avoid the possibility of similar problems in regard to the payment of lump-sum benefits to survivors of Federal employees under the Civil Service Retirement Act, section 11 of that act has also been revised." [Emphasis supplied]

The only difference in the provision relating to change of beneficiary of the Servicemen's Group Life Insurance Act and the Federal Employees Group Life Insurance Act is that the Federal Employees Group Life Insurance Act provides that with reference to beneficiaries the designation must be made by the employee in a signed and witnessed writing received before death in the employing office and the Servicemen's Group Life Insurance provision provides that the beneficiary be designated by a writing received in the uniformed services prior to such death.

■ In view of this legislative history following the construction given by the courts it is clear that the Congress intended that any designation with reference to beneficiaries of insurance policies be properly received in the employing office or in the uniformed services in the case of the Servicemen's Group Life Insurance.

The term "uniformed services" means the Army, Navy, Air Force, Marine Corps, Coast Guard, Public Health Service, and Environmental Science Services Administration. 38 U.S.C.A. § 765(3).

■ It is stipulated in this case that there was no writing received in the Office of the Adjutant General of the Department of the Army (uniformed services) purporting to change the beneficiary by the deceased serviceman, Jesse B. Stribling, prior to his death. Neither was there any information or notice provided The Prudential Insurance Company of America that such writing had been received in the office of the uniformed services from him prior to his death purporting to change the beneficiary to his life insurance policy.

In view of the legislative history and the action of the Congress with respect to the specific language and stating the reasons therefor, it is the opinion of the Court that the change in beneficiary of the deceased serviceman was not effectuated and, therefore, the cross-defendant, Georgia Mae Stribling, widow of the deceased serviceman, is entitled to the insurance from his Servicemen's Group Life Insurance policy.