**Barbara L. WILMOTH**

v.

**UNITED STATES**
June Wilmoth Haley
**Florence J. Wilmoth, Appellant.**
No. 23189.

United States Court of Appeals,
District of Columbia Circuit.

Argued June 26, 1970.

Decided Aug. 12, 1970.

Petition for Rehearing Denied
Sept. 11, 1970.

**1340**

---

Mr. H. Clay Espey, Washington, D. C., for appellant.

Mr. Richard L. Walsh, Washington, D. C., for appellees Haley and Wilmoth, Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U .S. Atty., and

Morton Hollander, Attorney, Department of Justice, filed appearances for appellee, United States.

Before McGOWAN, ROBINSON, and MacKINNON, Circuit Judges.

PER CURIAM:

Appellee Barbara Wilmoth sued the United States in the District Court under 38 U.S.C. § 784, claiming a share in the proceeds of a National Service Life Insurance contract held by her deceased brother.[1] As contemplated by the statute, the United States interpleaded appellant Florence Wilmoth, who was the decedent's wife, and appellee June Wilmoth Haley, who was another sister.

In 1951 the decedent had designated his mother as the principal beneficiary, and his two sisters as the contingent beneficiaries, of the NSLI policy. His mother died in 1962; and the decedent married appellant in 1963. In 1964 the decedent retired from the Army and, as a part of that process, executed a "Record of Emergency Data" in which he designated his sisters as beneficiaries of any gratuities if no wife or child survived him, and named his wife as the beneficiary of any balance due in his pay and allowance account, including savings deposits. In the blank on the form provided for the listing of any life insurance companies to be notified in case of death while in active service, he entered the item "National Service Life Insurance," together with the number of that policy. He did not then, nor at any other time, execute the change of beneficiary form provided for such policies, or otherwise comply with the regulations governing change of beneficiaries.

---

1. The statutory grant of jurisdiction is as follows:

"In the event of disagreement as to claim, including claim for refund of premiums, under contract of National Service Life Insurance, United States Govment life insurance, or yearly renewable term insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the United States District Court for the District of Columbia or in the district court of the United States in and for the district in which such person or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies. All persons having or claiming to have an interest in such insurance may be made parties to such suit * * *."

After his death, appellant and appellee Haley filed claims under the policy with the Veterans Administration. It was ininitally ruled that there had been no valid change of beneficiary, but the Board of Veterans Appeals, upon an appeal by the wife, ruled otherwise and held the wife to be entitled to the proceeds on the ground that an intent to change the beneficiaries was evidenced, and accomplished, by the listing of the policy in the "Record of Emergency Data." [2]

The District Court, in a carefully considered memorandum opinion, found the facts as stated above, and concluded that the sisters should prevail. The court was inclined to the view that the action provided by the statute was *de novo* in nature, and that its function was not simply to review the administrative determination for the existence of substantial evidence to support it,[3] but to resolve the lawsuit under principles spelled out by us in Coleman v. United States, 85 U.S.App.D.C. 145, 176 F.2d 469 (1949).[4] It concluded, however, that under any view of the matter the wife could not prevail. It held that the decedent had performed no affirmative act evincing a purpose to change the beneficiaries.

The District Court's conclusion in this regard is strongly supported by a recent decision of the Fourth Circuit on facts almost precisely like those involved here. Collins v. Collins, 378 F.2d 1020 (4th Cir. 1967). We are unable to say that the District Court erred in any respect, and we affirm.

It is so ordered.

2. Two friends of the decedent submitted affidavits to the effect that he had told them he intended his wife to get the proceeds of the policy. Appellee Haley stated, contrarily, that her brother persisted in saying that the NSLI policy was for his mother and his sisters, with everything else to go to his wife.

3. *Compare* Hawkins v. United States, 245 F.Supp. 1022, 1023 (E.D.N.Y.1965) *with* Spaulding v. United States, 261 F.Supp. 232, 237 (W.D.Okl.1966).

4. We there said that, in a suit under the statute here involved, the "burden of proof is upon one who asserts a change of beneficiary to sustain such change by a preponderance of the evidence;" and that there must be evidence of both intention to change and some affirmative act exhibiting a purpose to carry out that intention. Although technicalities are to be avoided, each case must turn upon its special facts.