## FARMAKIS v. FARMAKIS et al.

### No. 9805.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 12, 1949.
Decided Jan. 31, 1949.

Mr. David Rein, of Washington, D. C., for appellant.

Mr. Warren E. Miller, of Washington, D. C., with whom Mr. David S. Allshouse, of Washington, D. C., was on the brief, for appellee Farmakis.

Mr. Thomas E. Walsh, Asst. Atty. Gen., Department of Justice, Mr. George Morris Fay, U. S. Atty., and Mr. Sidney S. Sachs, Asst. U. S. Atty., both of Washington, D. C., entered appearances for appellee United States of America.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellee Eleanor T. Farmakis was plaintiff in the District Court of the United States for the District of Columbia in a civil action for the recovery of the proceeds of a National Service Life Insurance policy. The United States, having been named as defendant in the action, pleaded in effect that it had no interest in the controversy and prayed that Helen E. Farmakis be joined as party-defendant. Its prayer was granted, and Helen E. Farmakis pleaded that she was the duly-designated beneficiary of the policy in controversy. Judgment for the plaintiff was entered by the court. Defendant Helen E. Farmakis appeals from that judgment.

The policy involved was issued February 18, 1943, to John J. C. Farmakis, an officer in the Army Air Corps, who was killed in a plane crash while serving as flight officer. Appellant, Helen E. Farmakis, was the sister and appellee Eleanor T. Farmakis the wife of the insured. He originally named his sister as the beneficiary of the policy. Thereafter, on October 5, 1943, he was married. The wife's claim is that he changed the beneficiary of his policy, naming her.

Neither the Veterans Administration nor the War Department was able to find a written change of beneficiary on any of the forms provided for that purpose. However, among the papers introduced in evidence upon the trial was an "AAF Personal Affairs Statement", executed by the deceased officer and duly witnessed by another officer. At the head of this statement, below the name and identification, was the following instruction:

"Boxes checked 'X' indicate items accomplished or disposed of as of last date shown on this form.

"Boxes not checked ☐ indicate items that may require further attention."

The printed form for this statement listed twenty items as to which information was required, some of them subdivided. Opposite each item and sub-item was a printed square, or box, like the one included

in the above-quoted instruction. The instruction indicated clearly that an "X" meant that the item had been disposed of and that items not checked required further attention. On the form filled out by Farmakis, some of these boxes were checked "X" and some were not. Thus, it appears that he understood the instruction.

Item 1 on the statement was headed "Government Life Insurance". Sub-item d, as filled out by Farmakis, read:

"d. The beneficiaries designated on my Government life insurance are:

Principal....Eleanor T. Farmakis...Wife.....10,000
　　　　　Name　　　·　　Relationship Amount"

Farmakis put an "X" in the box opposite this sub-item. Thus, he clearly indicated that the designation of his wife as the beneficiary of his Government life insurance had been accomplished, as he understood it, and required no further attention.

Another writing, which was a printed form filled out and signed by Farmakis, entitled "Officer's Personal Questionaire", was also introduced in evidence. At the appropriate places on that form, entries appeared which stated that the beneficiary of his $10,000, five-year term, Government life insurance was "Mrs. Eleanor T. Farmakis".

■ We recently discussed, in Cohn v. Cohn,[1] the change of beneficiaries on Government life insurance policies. We there held that a writing is the minimum requisite to a change in the beneficiary named on such a policy, and that the regulation of the Veterans Administration to that effect is valid; but that, on account of the circumstances under which men in the service under war conditions must transact their affairs, we agreed with the decisions of other courts that the form of the writing is immaterial. We adhere to the views there expressed, including our admonition as to the proof by means of which such writings must be established and their meaning ascertained.

■ In the present case, there is in evidence a writing. In fact, there are two writings, but we regard the "AAF Personal Affairs Statement", first above-discussed, as having the clearer meaning and effect. Its authenticity is not questioned. It is unambiguous and unequivocal in its statement that the decedent had, or thought he had, named his wife as the beneficiary of his Government life insurance policy for $10,000. There is no doubt as to his intent, and there is no doubt as to his performance of an act which he regarded as effectuating that intent. This was the view of the District Court, and its judgment must, therefore, be ·

Affirmed.

---

[1] 1948, — U.S.App.D.C. —, 171 F.2d 828.