## WATSON v. UNITED STATES et al.

### No. 13217.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1950.

Denmark Groover, Jr., Macon, Ga., for appellant.

John P. Cowart, U. S. Atty., James H. Fort, Asst. U. S. Atty., Macon, Ga., Lester F. Watson and C. C. Crockett, of Dublin, Ga., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves a controversy over the proceeds of national-service insurance upon the life of Dr. Otto O. Watson, now deceased. The controversy is between the sister of the deceased and his widow. The sister was originally named as the contingent beneficiary; the principal beneficiary died before the insured; and thus the sister became the sole beneficiary under the certificate of insurance. Subsequently, the insured married the appellant, who alleges that he changed the beneficiary of this insurance and named her as such; but the records of the Veterans Administration failed to disclose any such change, and it declared the sister, Mrs. Fonnie Watson, entitled to the proceeds of this insurance.

The burden of proof was upon the appellant to prove that the insured executed a change of beneficiary, and the court below held that she had failed to meet this burden. The only direct evidence of the execution by the insured of a request to change the beneficiary was the oral testimony of the insured's secretary, who testified that Dr. Watson signed two documents relating to this insurance, one of which was

an application for reinstatement of the policy, and the other an application for a change of the beneficiary from his sister to his wife. She was not certain whether they were executed at the same time or upon different occasions. On cross-examination by government counsel, she stated that she had no recollection of having ever completed any form in connection with this insurance other than the two above mentioned. She was unable to describe the form used to change the beneficiary other than to say that she had typed the name of the wife on the form. On redirect examination, she testified that, even if she had completed two forms in connection with the reinstatement of the policy, she was sure that she had also completed an application for change of beneficiary and mailed it to the Veterans Administration in Atlanta.

The file of the Veterans Administration was introduced in evidence, and failed to disclose any request to change the beneficiary or any correspondence indicating the receipt of such request. The secretary also testified that she paid most of the premiums for Dr. Watson, a few times in cash at the Macon office of the Veterans Administration, but at other times by checks which she mailed to the Atlanta office. The court below stated that it must be assumed that these checks were received, since the policy was in force at the time of the insured's death; that the applications for reinstatement were also received; and that there was no evidence before the court of any difficulty or confusion in the transmission of mail during that period, and no evidence of other mail dispatched by the secretary having failed to reach its destination. The court below noted the failure of the evidence to disclose the receipt by the insured of any acknowledgment by the Veterans Administration of the request for change of beneficiary; and that no mention of this was ever made by the insured to his secretary. Though the insured lived for eighteen months after having executed the purported change of beneficiary, there is no record of any inquiry by him of the secretary or anyone else on the subject.

From the evidence, the trial court drew the inference that the insured was a prudent business man, who was familiar with the steps necessary to change the beneficiary of a life insurance policy. It found that he had changed the beneficiary of approximately twenty-four thousand dollars worth of old-line insurance, naming his wife as beneficiary; and that she collected this amount; furthermore, that he had acquired property consisting of 288 acres of farm land in Laurens County, several building lots in Macon, Ga., and was building a home at the time of his death, all of which properties passed to the plaintiff by inheritance. The record discloses that Mrs. Fonnie Watson was the only other living member of the insured's immediate family; that she was ten years his senior, and lived on a fifty-acre farm which she and her brother inherited from their father. She is married and has five children, all grown. The only expression of Dr. Watson himself in this record the court said, giving any indication of his desire and intention concerning the insurance was the original designation of the beneficiary contained in his application for the policy, wherein he named his sister, Mrs. Fonnie Watson, as contingent beneficiary.

On the basis of the record before it, after serious consideration of the facts and circumstances, without imputing intentional misrepresentation to anyone but allowing the probability of an honest mistake, the court below held that the evidence in behalf of appellant was not sufficient to support the burden of proof which the law placed upon plaintiffs seeking to show a change of beneficiaries in national-service life insurance policies; and, as trier of the facts, the court found that the plaintiff had failed to meet this burden; and that Mrs. Fonnie Watson, the originally named contingent beneficiary, was entitled to the proceeds of the insurance. Cf. Butler v. Butler, 5 Cir., 177 F.2d 471.

For the reasons above stated, we find no reversible error in the record, and the judgment appealed from is

Affirmed.