**McCOLLUM v. SIEBEN et al.**

No. 14796.

United States Court of Appeals, Eighth Circuit.

April 1, 1954.

<hr>

David W. Raudenbush, St. Paul, Minn. (Morgan, Headley, Raudenbush & Morgan, St. Paul, Minn., on the brief), for appellant.

Vance B. Grannis and Grannis & Grannis, South St. Paul, Minn., submitted brief on behalf of appellee Lorraine B. Sieben.

George E. MacKinnon, U. S. Atty. for the Dist. of Minnesota, Minneapolis, Minn., and Clifford Janes, Asst. U. S. Atty., Redwood Falls, Minn., submitted brief on behalf of appellee United States of America.

Before SANBORN, WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

Raymond J. Sieben, a veteran of the United States Army, died as the result of a gunshot wound on September 3, 1949. At the time of his death he was the owner of two contracts of National Life Insurance, one for $8,000 and one for $2,000. Both contracts were in full force and effect under premium paying conditions and both matured on account of his death.

The insured soldier had been married twice. This controversy involves the rights of the two surviving wives to the proceeds of the insurance. The facts are not in dispute.

The insured was first married to Virginia J. Sieben on November 23, 1945. He obtained a divorce from her on October 4, 1947. She was the last named beneficiary in both insurance contracts. Prior to the entry of the decree of divorce the parties entered into a written property settlement which provided in part that the insured was to deliver to defendant her typewriter, pay her the sum of $334.25, and—

"That save and except as herein otherwise provided there shall be no further order in favor of the defendant and against the plaintiff for alimony, support money, property settlement, attorney fees, or costs."

The decree of divorce entered by the court adjudged "That the Defendant has

treated plaintiff [the insured] in a cruel and inhuman manner since the date of their marriage and that plaintiff is entitled to a divorce from the bonds of matrimony and the Plaintiff and Defendant be, and they hereby are, divorced forever."

And plaintiff was ordered to pay defendant the sum of $334.25.

The decree provided further "That Plaintiff be, and he hereby is, except as hereinbefore provided, released from further order in favor of defendant * * for alimony, support money, property settlement, attorney fees and costs, either temporary or permanent."

Thereafter Virginia Sieben was again married and her name is now Virginia J. McCollum. The insured, Raymond J. Sieben, was also remarried. His second wife, appellee herein, is Lorraine B. Sieben. To this marriage a son named Gary Sieben was born on July 16, 1949. This son and his mother, Lorraine B. Sieben, are the only surviving heirs of the insured soldier.

Lorraine B. Sieben commenced this action against the United States on November 9, 1950, claiming as beneficiary under both insurance contracts. The United States answered alleging that at the time of his death the insured Raymond J. Sieben was the holder of two insurance certificates for $8,000 and $2,000 respectively; that Virginia J. Sieben was designated as the beneficiary of both policies; that no change had been made by the insured in his lifetime and that at the time of his death both policies were in full force and effect; that Virginia Sieben filed with the Veterans Administration a claim for the insurance benefits, which claim was allowed, and Virginia J. Sieben had been paid all of the benefits under the $2,000 policy and $1,-623.44 under the $8,000 policy; liability for the unpaid balance was admitted, and it was averred that the United States had at all times been "willing and able to pay the balance of the insurance policies to such person òr persons who may be entitled thereto"; and alleging further that "Virginia J. Sieben [McCollum] * * *

is a necessary and indispensable party to this controversy" and praying that she be joined as a party defendant.

The court entered an order joining Virginia J. Sieben as an additional party defendant. She answered admitting the receipt of the payments alleged by the United States to have been made, and claiming the balance due as the designated beneficiary. And she alleged that Lorraine B. Sieben's claim had been considered and denied administratively and, after appeal, by the Board of Veterans Appeals.

The case was tried to the court as a suit in equity. 38 U.S.C.A. § 445. The court made findings of fact and conclusions of law and entered judgment for plaintiff Lorraine B. Sieben and against the United States for the unpaid balance of the $8,000 policy less an attorney's fee in favor of her attorneys.

The court found that the government had paid to Virginia J. (Sieben) McCollum the $2,000 policy in full and $1,623.-44 on the $8,000 policy, which "by virtue of the express terms of Veterans Administrative Regulation No. 3447 (38 C.F.R. § 10.3447)" shall "be deemed to have been properly made and to satisfy fully the obligations of the United States under the said policy of insurance; that * * the United States is relieved and discharged from all liability under the said $8,000 policy to the extent of $1,623.44."

The court also found that the property settlement entered into between the insured soldier and Virginia J. Sieben, now Virginia J. McCollum, at the time of their divorce in October, 1947, "operated as a revocation by the insured of the previous designation of * * * Virginia J. (Sieben) McCollum, as principal beneficiary of" both policies of insurance.

In both policies the insured's mother Emma Sieben was designated as contingent beneficiary. She was made an additional party defendant in the case but did not enter her appearance in the proceedings. And the court found that the proceeds of the $8,000 policy remaining unpaid had become payable to her but

that she "has executed an assignment of all her rights, title and interest in and to the $8,000.00 policy to the insured's widow, Lorraine B. Sieben, the plaintiff herein, as shown by a signed copy of the assignment filed in this cause; that, accordingly, the death benefits under the said policy", less the installments already paid, are payable to the plaintiff Lorraine B. Sieben.

Virginia J. (Sieben) McCollum has appealed from the judgment so entered. She seeks a reversal of the judgment, claiming that "she is entitled, as designated beneficiary", to judgment for the unpaid balance of the insurance proceeds, because—

1. The property settlement agreement and divorce decree cannot operate as an exercise by the insured of his right to change or revoke his designation of appellant as primary beneficiary; and

2. Neither can they operate as a waiver or equitable transfer on her part of her interest in the policies of the insured.

In support of these contentions appellant asserts that the court erred—

(a) In receiving in evidence, over appellant's objections, certified copies of the divorce decree and property settlement referred to supra;

(b) In finding that the property settlement agreement and divorce decree operated as a waiver or equitable transfer on the part of appellant of her interest in the insurance policies;

(c) In finding that the property settlement agreement and divorce decree operated as a revocation of the designation of appellant as principal beneficiary of the policies; and in entering judgment for plaintiff and against defendant.

It is the contention of plaintiff Lorraine B. Sieben that "The rights of Virginia Sieben McCollum as to the balance of the money now due on the policies are to be determined by equitable principles without regard to the policy requirements as to change of beneficiary since the government has admitted liability and offered to pay the money it holds to whomever the court decides."

Many decisions involving insurance policies issued by insurance companies are cited in support of this rule. However, "policy provisions" are not involved here. This case is governed by federal law. The statutes and regulations thereunder applicable to National Life Insurance policies read:

"Title 38 U.S.C.A. § 802: * * * *Beneficiaries* (g):

"The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent, brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided: *Provided,* That the provisions of this subsection as to the restricted permitted class of beneficiaries shall not apply to any national service life-insurance policy maturing on or after August 1, 1946."

The pertinent part of Title 38, C.F.R., § 8.47, is:

"§ 8.47. *Beneficiary Changes.* The insured shall have the right at any time, and from time to time, and without the knowledge or consent of the beneficiary to cancel the beneficiary designation, or to change the beneficiary * * *. A change of beneficiary to be effective must be made by notice in writing signed by the insured and forwarded to the Veterans' Administration by the insured or his agent, and must contain sufficient information to identify the insured * *."

When the insured died September 3, 1949, one year and eleven months had elapsed since the divorce had been granted, and more than a year and a half after his marriage to the plaintiff. During all that time the insured could have changed the beneficiary, but from choice or neg-

lect he failed to do so. There is no evidence to the effect that he ever expressed a desire, purpose or intention to change the beneficiary and to name the plaintiff, his second wife, the beneficiary. Had the evidence disclosed that the insured intended to change the beneficiary and that, before his death, he had done all that reasonably could have been expected of him to bring about the change, there would have been an equitable basis for a judgment in plaintiff's favor. Johnson v. White, 8 Cir., 39 F.2d 793, 796; Kaschefsky v. Kaschefsky, 6 Cir., 110 F.2d 836, 837; Claffy v. Forbes, D.C.Wash., 280 F. 233.

■ Since the law reserved to the insured the right to change the beneficiary, the beneficiary named had no vested right in the policies prior to the insured's death; but when the insured died, without having changed the beneficiary, the rights of the named beneficiary became vested. Andrews v. Andrews, 8 Cir., 97 F.2d 485, and cases cited therein.

The trial court, however, found that the property settlement and divorce decree somehow effectuated a change of beneficiary; that the settlement "operated as a revocation by the insured of the previous designation of * * * Virginia J. (Sieben) McCollum, as principal beneficiary of" both policies; and the court held that the unpaid balance of the $8,000 policy thereby became payable to the contingent beneficiary named in the policy, Emma Sieben, the insured's mother, who had assigned her interest to the plaintiff, in whose favor the judgment appealed from was entered.

The property settlement referred to provided that "The parties hereto agree, subject to the approval of the Court, that plaintiff is to deliver to the defendant" her typewriter and $334.25 in cash and "That save and except as herein otherwise provided there shall be no further order in favor of the defendant and against the plaintiff for alimony, support money, property settlement, attorney fees, or costs."

And the decree of divorce entered by the court, having approved the property settlement provided "That Plaintiff be, and he hereby is, except as hereinbefore provided, released from further order in favor of defendant and against plaintiff for alimony, support money, property settlement, attorney fees and costs, either temporary or permanent."

Neither in the property settlement nor in the divorce proceedings is any reference made to the insurance policies here involved. No act or expression of the insured is even referred to in the evidence indicating that the insured desired or ever intended to change the named beneficiary. Wissner v. Wissner, 338 U.S. 655, 658, 70 S.Ct. 398, 400, 94 L.Ed. 424, is a case in which a soldier named his mother beneficiary in his National Life Insurance policy. After his death his widow claimed an interest in the proceeds of the policy. A California state court awarded one-half of the proceeds to the widow. Upon appeal to the Supreme Court of the United States the decision was reversed and the proceeds of the insurance were awarded to the mother. The Court said:

"The controlling section of the Act provides that the insured 'shall have the right to designate the beneficiary or beneficiaries of the insurance (within a designated class), * * * and shall * * * at all times have the right to change the beneficiary or beneficiaries * * *.' 38 U.S.C. § 802(g), 38 U.S.C.A. § 802(g). Thus Congress has spoken with force and clarity in directing that the proceeds belong to the named beneficiary and no other."

■ But even if it may be said that the property settlement and the divorce proceedings support an inference that the insured intended to change the beneficiary in the policies, that is not enough to comply with the law. Evidence of intention to change the beneficiary "standing alone and unaccompanied by some affirmative act, having for its purpose the effectuation of his intention, is insufficient to effect a change of beneficiary and the courts cannot act when he has not first attempted to act for himself." Bradley v. United States,

10 Cir., 143 F.2d 573, 576, and cases cited therein; certiorari denied 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632.

Further, the burden of proof was upon the plaintiff to prove that the insured executed a change of beneficiary in his lifetime; and this the plaintiff wholly failed to do. Watson v. United States, 5 Cir., 185 F.2d 292.

The trial court concluded that the property settlement and the divorce decree had the effect of revoking the designation of the appellant as beneficiary; but nothing in either of those instruments support such an inference and the law prescribes the method to be followed by an insured who desires to change a beneficiary. The judgment is therefore reversed with instructions to enter judgment for the named beneficiary and to grant to appellant's attorneys reasonable fees for their services.

Reversed.