**Elizabeth WILLIS, Plaintiff-Appellee,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

No. 13248.

United States Court of Appeals
Seventh Circuit.

May 26, 1961.

Morton Hollander, Chief, Appellate Section, Arnold Petralia, Atty., U. S.

**6**

Dept. of Justice, Washington, D. C., James P. O'Brien, U. S. Atty., William H. Orrick, Jr., Asst. Atty. Gen., Robert Tieken, U. S. Atty., Chicago, Ill., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., for appellant.

F. Raymond Marks, Jr., Frederic D. Houghteling, Chicago, Ill., for plaintiff-appellee. Overton, Marks, Simons & Houghteling, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

The United States has appealed from judgment rendered for plaintiff in an action to recover the proceeds of a National Service Life Insurance policy.

The facts are largely undisputed. At the time of his death in an automobile accident, on April 1, 1951, Thomas L. Wilson, a member of the United States Air Force, was insured under a five-year term, level premium N.S.L.I. policy in the amount of $5,000, with an expiration date of April 19 or April 20, 1951. In this policy, which was in effect at the time of his death, Thomas Wilson had designated his maternal aunt, Mrs. Susie Brodnax, as principal beneficiary, and his mother, Mrs. Elizabeth Willis, the plaintiff herein, as contingent beneficiary.

On April 3, 1951, the Veterans Administration received a claim from Mrs. Willis, the contingent beneficiary of the current policy, for the proceeds of the policy. Receipt of the claim was acknowledged May 23, 1951. Under date of June 11, 1951, the V.A. wrote Mrs. Willis advising her that her son's case folder showed a $10,000 N.S.L.I. Certificate effective April 20, 1943, naming Mrs. Broadnax, described as *in loco parentis*, as principal, and Mrs. Willis as contingent beneficiary; that on June 12, 1946, the amount of insurance was reduced to $5,000; that on March 29, 1951, the insured Thomas Wilson had applied for a renewal of $5,000 N.S.L.I., naming his brother, Robert L. Wilson, as principal, and his niece, Jeannette Wilson, as contingent beneficiary. The V.A.'s letter further stated that the renewal application was unnecessary because the insured Thomas Wilson had died prior to the expiration of the current policy on April 20, 1951. (The stipulation of facts refers to an expiration date of April 19, 1951. This difference is not material. Thomas Wilson had died about 19 days before the expiration of the policy.)

However, the V.A. took the position that the insured had made a valid change of beneficiaries in the renewal application, which would be given full force and effect lacking evidence of another subsequent change of beneficiary. The letter concluded that Mrs. Willis' claim was disallowed, but that she would be given thirty days' time to notify the V.A. of her intention to appeal, to file suit in the U.S. District Court, or to furnish evidence of a change of beneficiary subsequent to March 29, 1951, the date of the renewal application; that on the expiration of thirty days, if none of the listed actions had been taken, the insurance would be settled in favor of Robert L. Wilson, who was named as principal beneficiary in the renewal application.

On April 25, 1951, the claim of Mrs. Brodnax, the principal beneficiary under the current policy, was received. This, too, was acknowledged by the V.A. on May 23, 1951, with a following letter on June 11, 1951, in which Mrs. Brodnax was given substantially the same information as Mrs. Willis. No thirty-day stay, however, was granted Mrs. Brodnax. She was told that it was not indicated that she had any interest in the N.S.L.I. policy of her nephew, and that appropriate action was being taken as of that date (June 11, 1951) leading to settlement in favor of Robert L. Wilson.

It is undisputed that the sole evidence on which the government relies to show

change of beneficiary is the printed application for a new policy, V.A. Form 9–1658, executed on March 29, 1951, by the insured Thomas Wilson.* This form reads in part:

6. Application is hereby made for renewal of National Service Life Insurance on the Five-Year Level Premium Term Plan, granted under Certificate No. *10159062* in the amount of *$5,000.00,* for an additional period of five years at the premium rate for my attained age on the effective date of the renewed insurance. It is understood that the renewed insurance, if granted, will become effective on the day immediately following the expiration of the current term period. (See Instr. 2.)

The certificate number "10159062" and the amount of "5,000.00" have been typed on the printed form. Instruction 2 on the reverse side of the form reads:

2. Effective Date of Renewed Insurance

The renewal of the insurance for an additional 5-year period will become effective as of the day following the expiration of the preceding term period.

Thus, on its face, this form, which was signed by the insured, shows an effective date of April 20 or April 21, 1951, about nineteen days after Thomas Wilson's death.

■ Under date of June 28, 1951, Mrs. Brodnax wrote again stating that she had received the correspondence which indicated lack of interest in her deceased nephew's N.S.L. Insurance. She then went on to inquire about her interest in other insurance carried by him. From this letter, the government infers acquiescence by Mrs. Brodnax in the denial of her claim. In our opinion, the mere statement of receipt of correspondence in which the government asserts that Mrs. Brodnax has no interest in the policy, gives rise to no inference of acquiescence.

Mrs. Willis' additional claims, to the insurance proceeds, were received on August 8 and October 29, 1951, by the V.A. which merely sent her copies of its earlier letter of June 11th, extending a new thirty-day period in which she might take the three actions suggested in that letter. During this period Mrs. Willis was the contingent beneficiary only.

■ On February 26, 1952, the insurance proceeds were paid to Robert Wilson. This action corresponded to the government's intention as stated in the letters of June 11th. Any reliance on the supposed subsequent acquiescence of Mrs. Brodnax, or on Mrs. Willis' failure to take one of the three formal actions suggested to her (particularly in the face of her repeated claims to the insurance proceeds) was misplaced and cannot operate as estoppel in this case.

On June 8, 1952, Mrs. Brodnax, the principal beneficiary, died. The instant action was brought on February 3, 1955, within the time limit prescribed in Title 38 U.S.C. § 784(b), which provides for a six-year statute of limitations. Section 784(a) provides that where the V.A. acknowledges indebtedness on a contract of insurance, and there is a dispute as to persons entitled to payment, a suit in the nature of a bill of interpleader may be brought. The government took no advantage of this provision, electing in-

* II. Beneficiary Designation (indicate whether principal or contingent) and Selection of Optional Settlement * * *

| | Relationship | Amount | Option |
|---|---|---|---|
| Prin: Robert L. Wilson | | | |
| 5043 S. Forrestville Ave. | | | |
| Chicago, Ill | Brother | 100% | One |
| Cont: Jeannette Wilson | | | |
| Same as above | Neice[sic] | 100% | One |

**8**

stead to pay the proceeds to Robert Wilson, named as principal beneficiary in the renewal application form.

The policy in force at the time of the insured's death named Mrs. Brodnax and Mrs. Willis as principal and contingent beneficiaries respectively. It is the government which asserts that there was a change of beneficiary.

■ The government contends that the burden of showing a change rests only on one claiming as a substituted beneficiary, and not on the government defending a claim. In this case, however, the government, in paying Robert Wilson, made it unnecessary for him to prosecute his claim as a substituted beneficiary, and thus the government placed itself in his shoes.

■ We agree that no formal change of beneficiary is essential, so long as the insured's intent be clear, but we cannot agree with the government that in this case any clear intent to change the beneficiary, under the policy in existence at the time of the insured's death, has been demonstrated. There is no evidence other than the designation of beneficiary in the renewal application for a policy which was to become effective about nineteen days after the insured's death.

The judgment of the District Court is Affirmed.