**Howard J. BENARD, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. N 64 C 32.**

United States District Court
E. D. Missouri, N. D.

Nov. 9, 1965.

Carstarphen, Harvey & Wasinger, Hannibal, Mo., Paul E. Williams, Bowling Green, Mo., for plaintiff.

Richard D. FitzGibbon, Jr., U. S. Atty., Stephen H. Gilmore, Ass't U. S. Atty., St. Louis, Mo., for defendant.

REGAN, District Judge.

This is an action by Howard J. Benard, the named beneficiary in a National Service Life Insurance policy issued by the Government of the United States upon the life of George C. Benard, plaintiff's natural son, seeking recovery of the lump sum payment of $10,000 provided for by said policy. The case was tried to the Court without a jury. We have jurisdiction by virtue of Section 784, Title 38 U.S.C.

The issuance of the policy, and the death of George C. Bernard on April 19, 1962, while the policy was in full force and effect are admitted. It is also admitted that plaintiff filed a claim for the proceeds of the policy with the Veterans Administration, an agency of the United States government, that the Veterans Administration has refused to pay the proceeds of the policy to the plaintiff, and that plaintiff has exhausted his administrative remedies.

The deceased, George C. Benard, entered military service in the early part of 1948 at the age of sixteen years. Shortly thereafter he applied for and was issued the policy in suit, which named his father as principal beneficiary and his mother as contingent beneficiary. In May of 1952 he married Vincenza Intrepido in Trieste, Italy, and they lived together as man and wife until he was killed in a helicopter accident.

On April 29, 1962, his widow filed a claim for the proceeds of the policy. Plaintiff's claim was filed June 16, 1962. An administrative determination was made that the widow was the beneficiary, disallowing plaintiff's claim. On December 13, 1963 plaintiff was notified of this decision and of the intention of the Veterans Administration to pay the policy proceeds to the widow unless notified within sixty days of his intent to institute appropriate legal action under Section 784, Title 38 United States Code. On February 10, 1964, after receiving notice of plaintiff's intention to file suit, the Veterans Administration notified plaintiff that unless suit was filed within sixty days the settlement with Mrs. Benard

would be made. Again on May 18, 1964, plaintiff was notified that such settlement would be effected unless suit was filed within the next 60 days. The present action was filed on December 14, 1964. In the meantime on July 31, 1964, payment of the policy in full was made to the widow.

We mention the foregoing because the Government claims that since plaintiff had knowledge of its intention to pay the policy proceeds to Mrs. Benard unless plaintiff brought suit within the period specified by the Veterans Administration, plaintiff is estopped from bringing suit after the expiration of such period. We disallow this defense. The action was brought well within the period of limitations provided by statute, and there is no authority vested in the Veterans Administration to shorten the time allowed. Plaintiff took no affirmative action which could have misled the Government. And since its letter of February 10, 1964, discloses that the Veterans Administration had actual notice of plaintiff's intention to file suit, there is no reason the Government could not have filed an interpleader action pursuant to Section 784(a) Title 38 U.S.C. and thereby have avoided its self-made dilemma.

The meritorious issue for decision is whether the insured changed the beneficiary of his policy. If so, plaintiff is not entitled to recover. The burden to establish a valid change of beneficiary is upon the one asserting and relying upon such change. The Government paid the policy amount to Mrs. Benard, the widow, thereby making it unnecessary in this case for her to sustain the burden which would have rested on her had an interpleader action been filed. By paying Mrs. Benard, the Government has placed itself in her shoes. Hence, the burden of overcoming plaintiff's prima facie case based upon the fact he is the named beneficiary in the policy when issued is upon the Government in this case. Willis v. United States, 7 Cir., 291 F.2d 5. As hereafter appears, we find and hold that the Government has sustained this burden.

There is no affirmative evidence that the insured ever strictly observed the government regulations in effecting a change of beneficiary. However, it is now well settled that "a serviceman may effectively change the designation of beneficiary of his National Service Life Insurance without strictly adhering to the procedures set out in government regulations." Behrens v. United States, 9 Cir., 299 F.2d 662, 663; Lovato v. United States, 10 Cir., 295 F.2d 78, 79; Bew v. United States, 4 Cir., 286 F.2d 570, 572. "Literal compliance with the provisions of a policy is never necessary." Mitchell v. United States, 5 Cir., 165 F.2d 758, 760, 2 A.L.R.2d 484.

In this situation the applicable rule as set forth in the reported cases is that two conditions must be met before a change of beneficiary may be found. "First, the serviceman must have intended to change his beneficiary. Second, he must have done an overt act directed toward accomplishing his intent to change the beneficiary." Behrens v. United States, 9 Cir., 299 F.2d 662, 663; Hartman v. United States, D.C.Mo., 78 F.Supp. 227, 233.

In Bratcher v. United States, 8 Cir., 205 F.2d 953, 955, it was said that the courts have dealt with the situation "hospitably and primarily from the standpoint of the insured, and have in general recognized changes in beneficiaries as having occurred whenever they have found some persuasive indication of an intent on the part of the insured to make such a change and some written step taken by him to that end as an assumed effectuative act."

We find from the evidence that it was clearly the intent of the insured to change the beneficiary of his policy and to make his wife Vincenza Intrepido Benard the beneficiary instead of his father who was originally named. The testimony of Major Lincoln Jones, corroborated by Mrs. Benard, convincingly demonstrates to us that the insured not only intended to change the beneficiary but that he believed that he had done so after his marriage in 1952 and that his wife

was in fact the beneficiary, by reason of his actions, of all insurance upon the insured's life, including the National Service Life Insurance policy.

The oral evidence is corroborated by a document prepared by the insured himself and in his handwriting which expressly states that Vincenza Intrepido Benard is the beneficiary of the policy in suit. This document was prepared in early 1962 for the Army Mutual Aid Association. On this issue, we have considered, but do not credit, the evidence of plaintiff, which purports to attribute to the deceased statements which indicate that plaintiff would receive the proceeds of the insurance upon the death of the insured.

"Mere intent, however, is not enough: there must be some affirmative act on the part of the insured evidencing an exercise of the right to change the beneficiary." Stone v. United States, 5 Cir., 272 F.2d 746, 748. On the other hand, "courts will brush aside all legal technicalities in order to effectuate the manifest intent of the insured." Mitchell v. United States, 5 Cir., 165 F.2d 758, 760, 2 A.L.R.2d 484; Bratcher v. United States, 8 Cir., 205 F.2d 953, 955; Hartman v. United States, D.C.Mo., 78 F. Supp. 227, 233. As the Stone case points out, "The difficulty comes in determining the kind and degree of affirmative action necessary to effect a change."

There are numerous reported cases involving similar questions of law and fact. See Annotation in 2 A.L.R.2d 489 which collects the cases to that date. Many cases have been decided since. 1 A.L.R.2d Later Case Service. In the final analysis, each case must be decided in the light of its own facts. There is much truth in the observation made in Hawkins v. Hawkins, 5 Cir., 271 F.2d 870, 874, that a careful study of the cases "makes it clear that the sufficiency of the overt acts required is partially judged by the clarity and positiveness of the proof of intent." We have found clear and convincing proof of the insured's continuing intent to change the beneficiary of his policy as well as his belief that he had effectuated this intent by designating his wife as beneficiary. Under the evidence, the insured's widow was the natural object of his bounty. The possibility of fraud and the danger of a miscarriage of justice, which exist in situations where the evidence is equivocal (cf. Cohn v. Cohn, 84 U.S.App.D.C. 218, 171 F.2d 828, distinguished in Farmakis v. Farmakis, 84 U.S.App.D.C. 297, 172 F.2d 291), are not here present.

We find that in November, 1961, the insured signed DA Form 41, "Record of Emergency Data," in which his wife was designated beneficiary for certain service benefits, with his father as contingent beneficiary. True this form "was not designed to be used to change the beneficiary of an insurance policy," Shapiro v. United States, 2 Cir., 166 F.2d 240, 241, but when read together with the subsequent Army Mutual Aid Association form which the insured completed by hand, in which the unequivocal statement was made that his wife was the beneficiary of his National Service Life Insurance policy, we believe they constitute sufficient affirmative action taken by the insured to evidence his exercise of his right to change the beneficiary. Cf. Lovato, supra. The Army Mutual Aid Association form evidences not merely an intent on the insured's part but additionally a past act whereby he had changed the beneficiary.

The mere fact that the form required by the regulations of the Veterans Administration is not presently in its files does not necessarily mean that such form had not been executed and forwarded by the insured (note comment in Kendig v. Kendig, 9 Cir., 170 F.2d 750, 751), although we do not intend by this observation to speculate to this effect. Paraphrasing Mitchell v. United States, 5 Cir., 165 F.2d 758, 761, 2 A.L.R.2d 484, if a man possessing the degree of literacy required of an officer of the United States Army writes, as he did in the Army Mutual Aid Association form, that his wife is the beneficiary of his National Service Life Insurance policy "surely it is subserving technicality to say that this

is not sufficient evidence of an exercise of his right to change. True, it is not an actual change; but it is strong, almost incontrovertible, *evidence* of a change." To say that "though intention to change the beneficiary is proved to the hilt" no change can be held to have been made in this case, "is not to brush technicalities very far aside."

Plaintiff relies primarily on Bradley v. United States, 10 Cir., 143 F.2d 573. Of that case it may be said that it does not brush technicalities very far aside, if at all, and in any event the dissenting opinion is far more persuasive.

We find and conclude, as did the court in Mitchell, that the insured "not only intended to make his wife the beneficiary of his insurance, but had also affirmatively acted to make her such." It follows that at the time of the death of the insured, George C. Benard, plaintiff was not the beneficiary of his National Service Life Insurance policy and therefore is not entitled to recover in this action.

The foregoing memorandum constitutes our findings of fact and conclusions of law. The Clerk is directed to enter judgment accordingly, finding the issues in favor of defendant.