Howard J. BENARD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18288.

United States Court of Appeals
Eighth Circuit.

Nov. 30, 1966.

Marion F. Wasinger, of Carstarphen, Harvey & Wasinger, Hannibal, Mo., for appellant.

Robert V. Zener, Atty., Dept. of Justice, Washington, D. C., for appellee. John W. Douglas, Asst. Atty. Gen., Dept. of Justice, Alan S. Rosenthal and Walter H. Fleischer, Attys., Dept. of Justice, Washington, D. C., and Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for appellee.

Before VOGEL, Chief Judge, and VAN OOSTERHOUT and LAY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by Howard J. Benard, named beneficiary in a National Service Life Insurance (N.S.L.I.) policy of $10,000 issued pursuant to 38 U.S.C. § 801 et seq., 1952 ed., to his son George C. Benard, from final judgment dismissing his complaint in which he sought to collect the proceeds of such insurance. Jurisdiction is established by 38 U.S. C.A. § 784. The trial court's opinion is reported at 248 F.Supp. 581.

The issuance and validity of the policy is not questioned. Death of the insured on April 19, 1962, is admitted and it is conceded the policy was in full force and effect at such time. The Government's defense is that the policy beneficiary was changed to Vincenza Benard, the soldier's widow, and that she has been paid the proceeds of the policy. The court properly found that payment to the widow was made after the Government had full knowledge of plaintiff's claim, that plaintiff did nothing to mislead the Government and brought this action within the period of limitations provided by 38 U.S.C.A. § 784(b), and hence the burden of overcoming plaintiff's prima facie case based upon plaintiff being the named beneficiary in the policy is upon the Government. See Willis v. United States, 7 Cir., 291 F.2d 5.

The issue presented by this appeal is whether the Government has established that the insured soldier had effectively changed his beneficiary from his father, the named beneficiary, to his wife. We hold that such burden has not been met. We reverse.

The trial court properly states the applicable legal standards as follows:

"[T]wo conditions must be met before a change of beneficiary may be found. 'First, the serviceman must have intended to change his beneficiary. Second, he must have done an overt act directed toward accomplishing his intent to change the beneficiary.'" 248 F.Supp. 581, 583.

McCollum v. Sieben, 8 Cir., 211 F.2d 708, 712; Behrens v. United States, 9 Cir., 299 F.2d 662, 663; Lovato v. United States, 10 Cir., 295 F.2d 78, 79.

Upon the issue of intent, the trial court accepted the testimony of the widow, corroborated by Major Jones, that the insured intended to change the beneficiary to the widow. There is substantial conflicting evidence upon this issue. The trial court saw and heard the witnesses and was in a better position than we are to make credibility findings. There is substantial evidence to support the intent finding and we cannot say that the finding on the intent issue is clearly erroneous.

The difficult issue presented by this case is whether the insured performed an overt act directed toward the accomplishment of his intent to change the beneficiary. This issue has confronted many federal courts on numerous occasions. For an extensive collection of pertinent cases, see Annot. 2 ALR 2d 489 with later authorities collected in 1 ALR 2d Later Case Service, p. 142.

It is impossible to reconcile all cases which have dealt with the problem or to derive from such cases any uniform rule upon what is sufficient in the way of an

overt act to effectuate the intent to change the beneficiary. Circumstances, such as serving on the battle front under war conditions and the mental capacity of the insured soldier, may have a bearing upon the result. It has frequently been said that each case must be determined upon the basis of its own facts. Behrens v. United States, supra; Coleman v. United States, 85 U.S.App.D.C. 145, 176 F.2d 469, 471.

We first look to the applicable statute and regulation for guidance. Title 38 U.S.C.A. § 749 provides:

"Change of beneficiary.

"Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries of a United States Government life insurance policy without the consent of such beneficiary or beneficiaries."

The regulation promulgated pursuant to the foregoing statutory authority provides:

"(b) A beneficiary designation shall be made by notice in writing to the Veterans' Administration, signed by the insured. * * *

"The insured shall have the right at any time, and from time to time, and without the knowledge or consent of the beneficiary to cancel the beneficiary designation, or to change the beneficiary, * * * A change of beneficiary to be effective must be made by notice in writing signed by the insured and forwarded to the Veterans' Administration by the insured or his agent, and must contain sufficient information to identify the insured. Whenever practicable such notices shall be given on blanks prescribed by the Veterans' Administration. Upon receipt by the Veterans' Administration, a valid designation or change of beneficiary shall be deemed to be effective as of the date of execution: * * *" 38 C.F.R. §§ 8.46, 8.47.

■ Parents and spouses are within the permitted class of beneficiaries. The regulations pertaining to change of beneficiary are quite liberal. While the bene-

ficiary change on a prescribed form is recommended, the use of the form is not required. Any written notice signed by the insured and placed in proper channels to reach the Veterans' Administration would effectively result in a change of beneficiary and the change will become effective as of the date of the notice even though the notice is not received until after the insured's death.

All courts have shown a disposition to be as liberal in carrying out the insured's intent as the statutes and regulations will permit. Some cases, as pointed out in the annotations, supra, appear to accept almost anything as a required affirmative act if satisfied as to the intent, and in practical effect come at least close to dispensing with any need of proof of an overt act directed at effecting the change. Most courts, however, feel that the provisions of the statute and regulations cannot be completely brushed aside and that some affirmative action directed toward implementing the intent is required.

In Kell v. United States, D.C.W.D. La., 104 F.Supp. 699, 703, aff'd 5 Cir., 202 F.2d 143, the trial court aptly observes:

"We analyze and compare cases; this is a part of the science of jurisprudence. The question at issue here is when has there been and when has there not been a change of beneficiary. The only safe procedure for the Court is not to lose itself in the analysis of cases; it should, once in a while, come back to the statute and the regulations thereunder—not to be led astray therefrom by the charity of expression by which a Court may be moved in each case of this character.

\* \* \* \* \* \*

"Seriously, what is the more to be condemned is that the Court is legislating when it leaves the clear and unambiguous meaning of the statute and the regulations. Step by step, case by case, one gets further and further away from the statute and the regulations; until they are all but gone!"

Cohn v. Cohn, 84 U.S.App.D.C. 218, 171 F.2d 828, 829, points out, "the require-

ment that there be a writing is the minimum necessary to protect the public, the families and loved ones of servicemen and the interests of the deceased insured veterans themselves against unmitigated fraud. Not only is the requirement reasonable, but it is necessary."

In Bradley v. United States, 10 Cir., 143 F.2d 573, 576, insured's mother was the named beneficiary. In a confidential report filed by the insured at group headquarters, it is stated that the wife is beneficiary of the Government insurance. The court held that such document was not designed as a notice contemplated by the statute or regulations relating to change of beneficiary and that it did not contain any expression of a desire or intention to change the beneficiary but at most indicated a belief or understanding that the wife was the beneficiary. The court conceded that the evidence established an intent to change the beneficiary, and then goes on to say:

"But the principle which actuates the courts in giving effect to the ascertained intentions of the insured has application only where the party has attempted to act for himself. The expressed intention of the insured to change the beneficiary, standing alone and unaccompanied by some affirmative act, having for its purpose the effectuation of his intention, is insufficient to effect a change of beneficiary and the courts cannot act when he has not first attempted to act for himself."

Cases holding that sufficient affirmative action had not been taken by the insured to effectuate a change of beneficiary include Willis v. United States, 7 Cir., 291 F.2d 5; Kluge v. United States, 4 Cir., 206 F.2d 344; Littlefield v. Littlefield, 10 Cir., 194 F.2d 695; Butler v. Butler, 5 Cir., 177 F.2d 471; Coleman v. United States, 85 U.S.App. D.C. 145, 176 F.2d 469.

This court has considered the problem of what is necessary to bring about a change of beneficiary in a N.S.L.I. policy on a number of occasions. In Johnson v. White, 8 Cir., 39 F.2d 793, a change of beneficiary from parents to wife was upheld. We point out in the opinion that the service was in wartime, that the soldier was illiterate, subnormal intellectually, that he spent considerable time in the guard house, and that he had contacted his superiors requesting the change in beneficiary and was assured it would be taken care of. We stated:

"Mere intention so to do is not sufficient, but here this intention was followed by acts through which he attempted to accomplish this change. Not only did the insured express his purpose and intention to make this change, but he did everything he might reasonably have been expected to do, under the circumstances, to effectuate such change." 39 F.2d 793, 796.

Bratcher v. United States, 8 Cir., 205 F.2d 953, involved a change of beneficiary by a soldier in the combat zone in Korea. The applicable standards for determining the sufficiency of the affirmative act are thus stated:

"The decisions of the courts too have taken a liberal path in according recognition to attempted beneficiary changes in national service life policies. With regard to the limitations and realities of military life, the courts have brushed aside general legal technicalities and have made their consideration a matter of evaluating practicably the substance in each particular situation. While keeping in mind, of course, the burden entitled to be exacted in the establishing of a change in beneficiary designation, they have dealt with a situation hospitably and primarily from the standpoint of the insured, and have in general recognized changes in beneficiaries as having occurred whenever they have found some persuasive indication of an intent on the part of the insured to make such a change and some written step taken by him to that end as an assumed effectuative act." 205 F.2d 953, 955.

In McCollum v. Sieben, supra, we held that the named beneficiary, whom dece-

dent had divorced and with whom decedent had made a complete property and alimony settlement which did not specifically mention the N.S.L.I. policy, was entitled to the proceeds of the policy. As a basis for our decision, we said:

"Evidence of intention to change the beneficiary 'standing alone and unaccompanied by some affirmative act, having for its purpose the effectuation of his intention, is insufficient to effect a change of beneficiary and the courts cannot act when he has not first attempted to act for himself.' Bradley v. United States, 10 Cir., 143 F.2d 573, 576, and cases cited therein; * * *" 211 F.2d 708, 712.

▋ Thus, in our cases dealing with the problem here presented we have uniformly held that intent alone is insufficient to effect a change in beneficiary and that in addition there must be proof that the insured did by way of an affirmative act all that could reasonably have been expected of him under the existing circumstances to effectuate his intention to change his beneficiary. We adhere to such position.

A careful examination of all the evidence in this case leads us to the conclusion that there is no proof of any affirmative act taken by the insured designed to effectuate a change in beneficiary. The most that the evidence shows is intent to change. The testimony of his wife and Major Jones is to the effect that they were told that the wife was the beneficiary. Here, unlike the situation in Johnson v. White, supra, no showing of any act directed toward changing the beneficiary is shown. Neither Major Jones, who was a friend of both the insured and his wife, nor the wife testified that they were told that insured had taken any affirmative steps to change the policy beneficiary. The major testified, "We didn't discuss changing the beneficiary, because he was under the impression his wife was his beneficiary." Much of the conversation with the major was with respect to obtaining more insurance. The major was not acquainted with the insured's parents and had no discussion

with the insured about them. The N.S. L.I. policy was taken out in 1948, shortly after the insured entered the army, and designates the father as the beneficiary. Insured was married in 1952 to Vincenza Benard. He died in a plane accident in 1962. Insured was well-educated and intelligent. He rose from a private to a first lieutenant. The regulation requirements for change of beneficiary are simple and well-publicized. It is inconceivable that the insured lacked knowledge of the simple requirements for change of beneficiary or that he lacked the capacity to comply with such requirements. Much of the service was in this country under peacetime conditions.

There is evidence that the insured kept in his home a complete file of all of his army papers. Nothing has been produced from such file to indicate any affirmative action to change his beneficiary.

While there is evidence to support the court's finding of intent to change beneficiary, there is likewise evidence that decedent's father was in poor health and poor financial condition and that the insured on his last visit to his parents, not long before his death, had expressed a desire to help them and that upon inquiry by his mother had stated that he had not changed his insurance beneficiary.

Insured had no children. The wife received a pension payment of $3,000, an additional $3,000 from the Army Mutual Aid Association policy, a monthly widow's pension of $175, and an apartment in Italy purchased by the insured in which the wife's mother lived, and the wife was employed by the Government at a salary of $5165 per year and was eligible for Social Security when she reached the age of 62. The insured's knowledge of such facts could afford a possible explanation why no affirmative steps were ever taken to change the beneficiary in his policy. See Butler v. Butler, 5 Cir., 177 F.2d 471; Cohn v. Cohn, 84 U.S. App.D.C. 218, 171 F.2d 828.

▋ Exhibit 2, emergency data on government form 41, was executed by the

deceased insured. The Government relies upon such form as evidence of affirmative action to change the beneficiary. This form is not designed to nor intended for use in change of insurance beneficiary. In any event, under the heading on such form of "Insurance in Force" the insured placed the word "None." The insured knew he had insurance. By filling in the blank with respect to insurance in the manner in which he did, it is our view that the insured negatived any possible basis for an inference that might arise to the effect that he was thereby intending to change his insurance beneficiary. We do not reach the issue upon which a conflict exists in the decided cases of whether form 41 can under any circumstances afford proof of an affirmative act to change the beneficiary.

■ The Government also relies on Exhibit 1. This is a form apparently filled out by the insured in connection with the purchase of a $3,000 policy from the Army Mutual Aid Association. At the top of the form are the words "Read Memorandum Printed on Back of this Form." The original of this form was never produced. The copy thereof does not show the memorandum that is printed on the back. The copy does not show and there is no proof of any kind that the insured ever signed this form. For this reason alone it fails to meet the requirement of the regulation that the request be signed by the insured.

The form reads: "List your Life Insurance Policies below. Note all life policies, whether fraternal, government or commercial. The Army Mutual office can expedite and facilitate in the collection of all of them. Mail this form to Army Mutual Aid Association to assist in collecting benefits for your family if necessary." Thereunder the Army Mutual Aid $3,000 policy is listed with the wife shown as beneficiary, and thereunder the N.S.L.I. policy here in controversy is listed and under beneficiary, the notation "same as above." There is no evidence whatsoever that the insured or anyone else considered this form to be a request for change of beneficiary nor is there any reasonable basis for so interpreting this form. A representative of the Veterans' Administration, present in court, upon inquiry by the court stated that he was not familiar with the form and that it was not a Government form and that the original was not a part of the Veterans' Administration records. Obviously, such form does not satisfy the affirmative act requirement.

■ Upon the record before us, we hold that the Government has as a matter of law wholly failed to meet the burden resting upon it to prove that the insured took any action whatsoever directed toward effecting a change in beneficiary of his N.S.L.I. policy.

We hold that Howard J. Benard, the named beneficiary, is entitled to a judgment upon the policy.

The judgment is reversed and this case is remanded with direction to enter judgment on the policy in favor of Howard J. Benard.